UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNETTE COMBS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.                                          Case No: 2:14-cv-00048-SPC-DNF

AARON'S INC. d/b/a/ AARON'S SALES & LEASE OWNERSHIP,

    Defendant.
_____/

### **ORDER**[1]

This matter comes before the Court on the following motions and corresponding responses: (1) Defendant Aaron's, Inc. d/b/a Aaron's Sales & Lease Ownership's Motion to Dismiss Count IX of Complaint (Doc. #8) filed on February 28, 2014; (2) Plaintiff Annette Combs' Response in Opposition to Defendant Aaron's, Inc.'s Motion to Dismiss and Cross-Motion to Amend the Complaint (Doc. #24) filed on March 28, 2014; (3) Defendant's Motion to Strike (Doc. #10) filed on March 3, 2014; (4) Plaintiff's Response in Opposition to Defendant's Motion to Strike (Doc. #25) filed on March 31, 2014; and (5) Defendant's Response in Opposition to Plaintiff's Cross-Motion to Amend Complaint (Doc. #30) filed on April 11, 2014.  These motions are now ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

**BACKGROUND**

Defendant hired Plaintiff on or about July 23, 2010, to manage one of its retail stores. (Doc. #1 at ¶ 3). Plaintiff purportedly enjoyed professional success during her tenure with Defendant, as she was promoted and commended for her job performance. (Doc. #1 at ¶¶ 48-54). Her work environment, however, soured when Christopher Litteral became her immediate supervisor in July 2011. (Doc. #1 at ¶ 59). For approximately nine months, Litteral worked as Defendant's Regional Manager for the region in which Plaintiff was assigned. (Doc. #1 at ¶ 59). Although Litteral's office was in Tampa, Florida, he allegedly visited Plaintiff's store approximately one day per week. (Doc. #1 at ¶ 59). According to Plaintiff, Litteral subjected her to ongoing sexual harassment that included lewd sexual propositions, inappropriate sexual advancements, invading her personal space, and unwanted sexual battery. (Doc. #1 at ¶¶ 64-71, 73-76, 87-88, 98-100). Plaintiff purportedly complained about Litteral's actions on several occasions to no avail. (Doc. #1). On or about November 8, 2012, Defendant discharged Plaintiff for poor job performance. (Doc. #1 at ¶ 116).

On January 28, 2014, Plaintiff commenced this employment discrimination action against Defendant pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Doc. #1 at ¶ 11). She alleges eight individual claims of unlawful sex discrimination, *quid pro quo* sexual harassment, a sexually hostile work environment, and retaliation. (Doc. #24 at 3). Plaintiff also asserts one class allegation, which is the sole claim at issue in the motions pending before the Court. In the class allegation, Plaintiff claims that Defendant maintains a "sham" equal employment opportunity policy ("EEO policy") that deprived her and other similarly situated former and current employees of an

effective means to complain of discrimination and harassment. (Doc. #1 at ¶ 2, 22-33,157-59). Since this ineffective EEO policy allegedly facilitated unlawful discrimination and harassment in the workplace, Plaintiff seeks to enjoin Defendant from continuing this alleged discriminatory practice. (Doc. #1 at ¶¶ 156-59).

With this factual background in mind, the Court will initially address Plaintiff's Cross-Motion to Amend the Complaint (Doc. #24).

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend her pleading once as a matter of course within twenty-one (21) days after serving it, or within twenty-one (21) days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, the party must seek the court's leave or the opposing party's written consent to amend the pleading. See Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Rule 15(a), however, limits the court's discretion by mandating that 'leave shall be freely given when justice so requires.'" Laurie v. Ala. Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (citation omitted); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) ("Ordinarily, 'if the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief,' . . . leave to amend 'should be freely given[.]' " (internal citations omitted)); Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co., 184 F.R.D. 674, 678 (M.D. Fla 1999) (stating that timely motions for leave to amend pursuant to Rule 15(a) are held to a very liberal standard). As a result, the court must provide substantial justification to deny a motion to amend, such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance

of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, Plaintiff cross-moves for leave to amend the Complaint (Doc. #1) in order to narrow the definition of her proposed class.² (Doc. #24 at 9). According to Plaintiff, the Court should grant her leave to amend because Defendant cannot show undue prejudice, undue delay, bad faith, futility, or a repeated failure by her to cure deficiencies in the Complaint. (Doc. #24 at 10). Defendant opposes Plaintiff's cross-motion, arguing that her proposed amendment to Count IX lacks specific facts to support her allegations of nationwide sex discrimination, sexual harassment, and retaliation, and thus to survive a motion to dismiss under Rule 12(b)(6). (Doc. #30 at 1, 3-4, 11).

Upon consideration of the interests of justice in this case, the Court will permit Plaintiff to file her proposed First Amended Class Action Complaint (Doc. #24-1). This matter is at an early stage in the litigation and amending the Complaint (Doc. #1) would not delay this matter or prejudice Defendant. The Court, therefore, yields to Rule 15(a)'s liberal standard and finds good cause to grant Plaintiff leave to amend. To that end, filing the First Amended Class Action Complaint (Doc. #24-1) will render moot Defendant's pending Motion to Dismiss Count IX of Complaint (Doc. #8) and Defendant's Motion to Strike (Doc. #10), which are directed to the original Complaint. See Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes an original complaint").

---

² Plaintiff currently defines her proposed class as "[a]ll individuals previously or presently employed by Defendant AARON'S in the United States at any of its stores as a General Manager, lower-level manager, or staff employee subject to AARON'S, INC.'S EEO policy within any applicable limitations period." (Doc. #1 at ¶ 34). The First Amended Class Action Complaint, however, will limit the proposed class to only Defendant's *female* employees, past and present, who have been subjected to unlawful sex discrimination, sexual harassment, and/or retaliation because of Defendant's failure to enforce its EEO policy. (Doc. #24 at 9; Doc. #24-1) (emphasis added).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Annette Combs' Cross-Motion to Amend the Complaint (Doc. #24) is **GRANTED**.

(2) The Clerk of the Court is directed to docket the attached proposed First Amended Class Action Complaint (Doc. #24-1).

(3) Defendant Aaron's, Inc. d/b/a Aaron's Sales & Lease Ownership's Motion to Dismiss Count IX of Complaint (Doc. #8) is **DENIED** as moot.

(4) Defendant's Motion to Strike (Doc. #10) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 19th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record