UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNETTE COMBS, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.                        Case No: 2:14-cv-00048-SPC-DNF

AARON'S INC. d/b/a/ AARON'S SALES & LEASE OWNERSHIP,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Annette Combs' Unopposed Motion to Amend Complaint to Withdraw Class Allegations and to Deem Defendant's Motion to Dismiss and Strike Such Allegations As Moot (Doc. #46) filed August 13, 2014.

## BACKGROUND

The background of this case has been recited at length in an earlier opinion (Doc. #33) and need not be repeated in detail here. In brief, Plaintiff commenced this employment discrimination action against Defendant pursuant to Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act on January 28, 2014. (Doc. #1, ¶ 11). She alleged eight individual claims of sex discrimination, sexual harassment, and retaliation, as well as one class allegation. In the class allegation, Plaintiff claims that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Defendant maintained a "sham" equal employment opportunity policy ("EEO policy") that deprived her and other similarly situated former and current employees of an effective means to complain of discrimination and harassment. (Doc. #1, ¶¶ 2, 22-33,157-59).

On March 28, 2014, Plaintiff moved for leave to amend the Complaint (Doc. #1) in order to narrow the definition of her proposed class. (Doc. #24 at 9). The Court granted Plaintiff's motion (Doc. #33), and the First Amended Class Action Complaint (Doc. #34) became the operative pleading in this matter. Defendant thereafter filed a Motion to Dismiss Count IX of First Amended Complaint (Doc. #39) and Motion to Strike (Doc. #40). Both of Defendant's motions addressed the First Amended Complaint. In response, Plaintiff moved for leave to file a Second Amended Complaint that withdraws her class action claim. (Doc. #46). No motion to certify a class has been filed in this action to date. (Doc. #46, ¶ 2).

With this factual background in mind, the Court will address Plaintiff's Unopposed Motion to Amend the Complaint. (Doc. #46).

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend her pleading once as a matter of course within twenty-one (21) days after serving it, or within twenty-one (21) days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, the party must seek the court's leave or the opposing party's written consent to amend the pleading. See Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court. Rule 15(a), however, limits the court's discretion by mandating that 'leave shall be freely given when justice so requires.'" Laurie v. Ala. Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001)

(citation omitted); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) ("Ordinarily, 'if the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief,' . . . leave to amend 'should be freely given[.]'" (citations omitted)); Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co., 184 F.R.D. 674, 678 (M.D. Fla 1999) (stating timely motions for leave to amend pursuant to Rule 15(a) are held to a very liberal standard).  Consequently, the court must provide substantial justification to deny a motion to amend, such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

As stated, Plaintiff moves for leave to amend the First Amended Class Action Complaint (Doc. #34) in order to withdraw her class action claim without prejudice.  (Doc. #46, ¶ 4).  According to Plaintiff, "[a] review of the legal and factual landscape of Plaintiff's claim has led her to believe that a class is not likely to be certified here."  (Doc. #46, 4).  Defendant does not oppose Plaintiff's Motion.  (Doc. #46 at ¶ 5).

Upon consideration of the interests of justice in this case, the Court will permit Plaintiff to file her proposed Second Amended Complaint.  (Doc. #46-1).  This matter is early in the litigation and amending the First Amended Class Action Complaint would not delay this matter or prejudice Defendant.  The Court, therefore, finds good cause to grant Plaintiff leave to amend.  To that end, filing the Second Amended Complaint (Doc. #46-1) will render moot Defendant's pending Motion to Dismiss Count IX of First Amended Complaint (Doc. #39) and Motion to Strike (Doc. #40).[2]  See Malowney v. Fed. Collection

---

[2] Plaintiff represents that her amendments to the proposed Second Amended Complaint are made in such a way as to not alter the paragraph numbering of the First Amended Complaint, such that the briefing on

Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting "[a]n amended complaint supersedes an original complaint").

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Annette Combs' Unopposed Motion to Amend Complaint to Withdraw Class Allegations and to Deem Defendant's Motion to Dismiss and Strike Such Allegations As Moot (Doc. #46) is **GRANTED**.

(2) The Clerk of the Court is directed to docket the attached proposed Second Amended Complaint (Doc. #46-1).

(3) Defendant Aaron's, Inc.'s Motion to Dismiss Count IX of First Amended Complaint (Doc. #39) is **DENIED** as moot.

(4) Defendant's Motion to Strike (Doc. #40) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 15th day of August, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

Defendant's Motion to Strike (Doc. #40) may continue without confusion. Although the Court appreciates Plaintiff's efforts, Defendant's Motion to Strike (Doc. #40) is directed at the First Amended Complaint, which is no longer the operative pleading in this matter. Defendant, therefore, may file a renewed motion to strike that addresses the Second Amended Complaint.